UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Friends of the Inyo, et al., | No. 2:21-cv-01955-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| United States Forest Service, et al., | |
| Defendants. | |
| KORE Mining Limited, | |
| Intervenor-Defendant. | |

Plaintiffs Friends of the Inyo (FOI), Western Watersheds Project (WWP), Center for Biological Diversity (Center) and Sierra Club filed this action to invalidate the approval by defendant United States Forest Service (USFS) of a project to conduct an exploratory geological investigation and drilling project at a Kern County site where a gold asset is located. KORE Mining Limited, the sole owner of that gold asset, moves to intervene in the action as a matter of right under Federal Rule of Civil Procedure 24(a)(2). The motion is unopposed. The court **grants** the motion as explained below.

/////

/////

I.   **BACKGROUND**

On September 27, 2021, defendant USFS approved KORE's Long Valley Exploration Drilling Project.  Compl. ¶ 1, ECF No. 1.  KORE planned to conduct this large mineral exploration on public lands near Mammoth Lakes, in Kern County, California.  *See id*. ¶ 2.  Two days after initially approving the project, the USFS authorized KORE's Plan of Operation.  *Id*.  On October 21, 2021, plaintiffs filed this action seeking vacatur of the project approval as well as equitable declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et. seq.*, the Forest Service Organic Administration Act of 1897, 16 U.S.C. §§ 478, 551, and these statutes' implementing regulations and policies.  *See generally id*.  KORE filed this motion to intervene on November 16, 2021.  Mot., ECF No. 15.  The court submitted the matter on the papers and resolves it here.  Minute Order, ECF No. 20.

II.   **LEGAL STANDARD**

The Ninth Circuit Court of Appeals has summarized the requirements for intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (alterations in original) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)).  Proposed intervenors bear the burden of showing each of the four elements is met and "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).  In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention."  *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

/////

### III. DISCUSSION AND CONCLUSION

KORE argues it is entitled to intervene as a matter of right because it has met all four elements under Rule 24(a)(2). *See generally* Mot., ECF No. 15. The court agrees, addressing each element in turn.

First, KORE's motion is timely because plaintiffs filed the instant action recently, in October 2021, and defendants have only just now filed an answer. *Id*. at 6 (citing *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997)); *see* ECF No 23 (Answer). Second, KORE has expended substantial resources in making preliminary economic assessments to determine the scientific viability of its Long Valley Exploration Drilling Project and has "significantly protectable" interests relating to its property embodying a significant gold asset in Kern County. *See* Leduc Decl. ¶ 16, ECF No. 15-2. Third, plaintiffs' litigation seeks to invalidate the USFS's authorization of KORE's plan to conduct its exploration activities, including drilling. *See* Mot. at 8. The outcome of this action may therefore, as a practical matter, impair or impede KORE's ability to protect KORE's interests. Lastly, KORE's interests as a private party with a direct economic stake in this dispute are sufficiently different from those of other defendants that its interests likely will not be adequately represented by the existing parties to the action. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) ("The interests of government and the private sector may diverge.").

For the reasons discussed above, **the court grants the motion to intervene**. The court need not reach the question of permissive intervention under Rule 24(b) as it grants the motion as a matter of right. KORE is now a party to this action as Intervenor-Defendant and shall file and serve its Proposed Answer within fourteen (14) days of the filed date of this order. KORE's counsel also shall file and serve a notice of entry on all parties.

IT IS SO ORDERED.

This order resolves ECF No. 15.

DATED: December 21, 2021.

CHIEF UNITED STATES DISTRICT JUDGE